**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

VAN CLEVE ASHLEY,         :

               **Petitioner**     :

           **v.**           :

WARDEN ERIC BRADLEY    :

          **Respondent**   :

CIVIL ACTION NO. 3:21-0878

(JUDGE MANNION)

**MEMORANDUM**

Petitioner, Van Cleve Ashley, an inmate confined in the Canaan United States Penitentiary ("USP-Canaan"), Waymart, Pennsylvania, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). Ashley challenges his sentence computation, alleging he is entitled to prior custody credit under 18 U.S.C. §3585(b), for time spent while in the United States Marshal's Service custody from January 25, 2006 through December 3, 2007. Id. A response (Doc. 11) and traverse (Doc. 12) having been filed, the petition is ripe for disposition. For the reasons set forth below, the Court will dismiss Petitioner's §2241 petition without prejudice for Petitioner's failure to exhaust administrative remedies.

## I.  Background

Inmate Van Cleve Ashley, Register No. 42275-037, is a federal inmate serving a 240-month term of imprisonment imposed by the U.S. District Court

for the District of Maryland for Conspiracy to Tamper with a Witness and Conspiracy to Retaliate Against a Witness. (Doc. 11-3 at 2, Declaration of Erin Frymoyer, BOP Attorney for the Consolidated Legal Center). His current projected release date is June 27, 2023, via good conduct time. Id.

The BOP has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. 28 C.F.R. §§542.10-542.19 (2005)). The system first requires that an inmate present their complaint to staff before filing a request for Administrative Remedy, which staff shall attempt to informally resolve. 28 C.F.R. §542.13(a). If informal resolution is unsuccessful, an inmate may file a formal written complaint to the Warden, on the appropriate form, within twenty calendar days. 28 C.F.R. §542.14. If the inmate is dissatisfied with the Warden's response, he may file an appeal to the Regional Director within twenty calendar days. 28 C.F.R. §542.15(a). The Regional Director has thirty calendar days to respond. 28 C.F.R. §542.18. Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may be appealed to the BOP's General Counsel at Central Office within thirty calendar days from the date of the Regional Director's response. 28 C.F.R. §542.15(a).

The record reveals that Petitioner filed only one administrative remedy, Administrative Remedy No. 1063497-F1, which was filed on December 20, 2020, and contained only a request for reconsideration of his December 7, 2020 denial of Request for Compassionate Release. (Doc. 1-1 at 50, Request for Administrative Remedy). Administrative Remedy No. 1063497-F1, was rejected on January 7, 2021. (Doc. 1-1 at 49, Rejection Notice – Administrative Remedy). The record reveals no other Administrative Remedy, or Appeal filed by Petitioner concerning credit for time served. (Doc. 11-3 at 4, Administrative Remedy Generalized Retrieval).

## II. Discussion

Respondent asserts that Petitioner's §2241 petition should be denied *inter alia*, because Petitioner failed to exhaust his administrative remedies. The Court agrees.

A prisoner must exhaust all stages of the administrative remedy system prior to filing a habeas petition under 28 U.S.C. §2241. Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996); Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981) ("A federal prisoner ordinarily may not seek habeas corpus relief until he has exhausted all administrative remedies."); Arias v. U.S. Parole Comm'n, 648 F.2d 196 (3d Cir. 1981).

- 3 -

Requiring inmates to exhaust their remedies serves a number of purposes, such as "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62. Exhaustion of administrative remedies requires compliance with an agency's deadlines, other critical procedural rules, and all steps of the available administrative process. Woodford v. Ngo, 548 U.S. 81, 90-92 (2006); Jones v. Bock, 549 U.S. 199, 218 (2007) (proper exhaustion defined by applicable prison requirements).

Here, Petitioner's own exhibits demonstrate that he has failed to exhaust his administrative remedies. The record reveals that Petitioner filed only one administrative remedy, which concerned only compassionate release. There is no indication that Petitioner attempted to file an administrative remedy concerning alleged credit for time served. Thus, Petitioner has failed to exhaust his administrative remedies and the petition must be denied. To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing Ashley to invoke the judicial process despite failing to complete administrative review.

- 4 -

## III. **Conclusion**

Based on the foregoing, the petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 will be denied. Because Petitioner is not detained because of a process issued by a state court and the petition is not brought pursuant to §2255, no action by this Court with respect to a certificate of appealability is necessary.

An appropriate Order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated:  October 12, 2021**
21-0878-01

- 5 -